El Juez Brau Ramírez
disiente, a la luz del lenguaje del Art. 12 de la Ley Núm. 379 de mayo 15 de 1948, según enmendado, que dispone que "[njinguna sentencia, laudo, adjudicación o cualquier otra disposición por *1040 concepto de una reclamación por concepto de compensación, derecho o beneficio al amparo de cualquier ley, decreto mandatorio, orden de salarios, convenio colectivo o contrato de trabajo, podrá levantarse como defensa de cosa juzgada por fraccionamiento de causa de acción, para derrotar otra reclamación, a menos que en el procedimiento anterior se hubiere adjudicado expresamente la misma causa de acción, por los mismos hechos, entre las mismas partes." 29 L.P.R.A. see. 281 (Supl. 2001).
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 60
1. La referida determinación fue erróneamente titulada como sentencia, habida cuenta que no cumple con lo establecido en la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43, pues no resuelve finalmente la cuestión litigiosa; realmente es una resolución interlocutoria, por lo que el recurso apropiado para solicitar la revisión de la misma es el certiorari. En lo sucesivo, utilizaremos el término "resolución" para referirnos a dicho dictamen.
2. Según se desprende de la demanda, el 30 de abril de 1991, Gallardo fue alegadamente despedido por el Sr. Ramiro Millán, presidente de BBDO, quien le pidió que se ausentara de su empleo con cargo a vacaciones acumuladas. En esa misma fecha, los subalternos de Gallardo fueron destituidos, sin que Gallardo fuera consultado. Gallardo alegó que Millán le hizo creer que se estaba gestionando una compensación ante BBDO de los E.U. Gallardo, en varias ocasiones, inquirió con Millán sobre el resultado de las gestiones. Finalmente, el 19 de junio de 1991, llamó para informar que iba a recoger sus pertenencias y se le informó que ya estaban metidas en cajas. Gallardo sostuvo que fue despedido constructivamente.
3. BBDO presentó la contestación a la querella y una Moción de Sentencia Sumaria en la cual alegó que, según el lenguaje de la Ley 80, Gallardo estaba excluido de la protección que ofrece esta legislación, pues su contrato de trabajo era a tiempo determinado y, por lo tanto, la querella debería desestimarse. El Tribunal de Primera Instancia declaró sin lugar la solicitud de sentencia sumaria presentada por BBDO; decisión que fue confirmada posteriormente por este Tribunal mediante sentencia emitida el 23 de agosto de 1993 en el caso número SNCE 93-0232. Allí se resolvió, en lo pertinente, que “[sjurge de autos que el recurrido otorgó un contrato a tiempo fijo con la peticionaria en 1989 y que alegadamente hay hechos que, de ser probados, podrían establecer una posible reclamación a su favor bajo la Ley 80", de probarse que Gallardo tenía una expectativa de continuidad de empleo o el contrato de empleo aparentaba ser de tiempo indeterminado bona fide. BBDO recurrió al Tribunal Supremo de Puerto Rico mediante petición de certiorari, la cual fue denegada por dicho Foro.